JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Demetrius Murphy's delayed appeal herein is from the judgment entered on February 5, 1998 (journalized March 11, 1998) in which he was sentenced to a term of 18 months subsequent to his earlier guilty plea of having assaulted a peace officer, a fourth-degree felony, in violation of R.C. 2903.13. For the reasons adduced below, we reverse the imposition of post-release controls in appellant's assault case.
{¶ 2} The facts of the case are not in dispute. What is disputed is the ramification arising from a procedural error in the trial court's handling of the underlying guilty plea in the assault case. That procedural error, which is conceded by the appellee, consists of the trial court not having advised the defendant-appellant of the possibility of post-release control sanctions pursuant to R.C. 2943.032.
{¶ 3} Following appellant's release from prison on September 8, 2000, on the assault case after having served his maximum sentence, he was placed under post-release control sanctions by the Adult Parole Authority. While under these sanctions, appellant failed to report to his parole officer and was charged with Escape. See Cuyahoga County Common Pleas Court Case No. CR-408009. Appellant pled guilty to the charge of escape, a fifth-degree felony, and was sentenced to a term of six months.[1] During the plea in CR-408009, according to the parties, the Adult Parole Authority, who had sought the indictment for escape, indicated its intent to place appellant on an additional term of post-release control in the assault case. Thereafter, appellant filed the delayed appeal sub judice, requesting in his only assignment that any post-release control sanction stemming from the assault case be vacated because he was never informed of those sanctions when he pled to, or was sentenced during, the assault case.[2]
{¶ 4} It is fundamental law that a trial court is obligated to inform an offender of post-release controls either at the time of taking a guilty plea or at the time of sentencing. Woods v. Telb,89 Ohio St.3d 504, 2000 Ohio 171, 733 N.E.2d 1103, paragraph two of the syllabus. Where an offender, like the appellant herein, has served his sentence, the imposition of post-release controls thereafter is precluded due to such practice being a violation of the separation of powers doctrine. State v. Newman, Cuyahoga App. No. 80034, 2002 Ohio 328, 2002 Ohio App. LEXIS at 8, citing State v. Hart (May 31, 2001), Cuyahoga App. No. 78170, 2001 Ohio App. LEXIS 2428, and State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179, 2000 Ohio App. LEXIS 5963; see, also,State v. Stell (May 16, 2002), Cuyahoga App. No. 79850, 2002 Ohio App. LEXIS 2353 at 4 (relying on Newman, supra, this court held that post-release controls could not be imposed because the offender had not been advised that such controls could be part of his sentence); State v.McAninch, Hamilton App. No. C-010456, 2002 Ohio 2347, 2002 Ohio App. LEXIS at 7-8 (post-release control sanctions vacated from sentence where the trial court did not advise the offender of such controls).
{¶ 5} Since appellant herein was not advised that post-release controls could be part of his sentence in the assault case, and appellant has served the term of imprisonment meted out in that case, post-release controls cannot now be imposed in the assault case. Lacking the predicate imposition of post-release control sanctions in the assault case, there can be no subsequent violation of that sanction upon which to base an extension of those controls.
{¶ 6} Assignment well taken.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Appellant concedes that he was subject to post-release control sanctions in CR-408009. Appellant's brief, at 1, fn. 1.
[2] {¶ a}The lone assignment of error provides:
 {¶ b}BECAUSE THE TRIAL COURT FAILED TO ADVISE THE APPELLANT OF THE POSSIBILITY OF POST RELEASE CONTROL SUPERVISION AT THE TIME OF HIS PLEA ON CR 345751 IN VIOLATION OF R.C. 2943.032, THE ADULT PAROLE AUTHORITY LACKS JURISDICTION TO SUPERVISE MR. MURPHY PURSUANT TO CR 345751.